UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY

**CAPTION IN COMPLIANCE WITH D.N.J. LBR 9004-2(C)**

**McNALLY & BELLINO, LLC**
**Stephen McNally, Esquire ID #038471990**
**Paige M. Bellino, Esquire ID #019532010**
**1814 East Route 70, Suite 350**
**Cherry Hill, NJ 08003**
**(856) 281-1101**
*Counsel for Defendant, Clear Edge Title Inc.*
**MB File No.: 11001.00006**

| | |
|---|---|
| IN RE:<br><br>**MIYA B. BUSH AKA MIYA GOODMAN**<br>                           Debtors. | Chapter 13<br>CASE NO.: 25-20738<br>HEARING DATE: July 23, 2026<br>JUDGE: EJO<br>AP DOCKET NO.: 26-01183 |
| MIYA B. BUSH A.K.A MIYA GOODMAN<br><br>                           PLAINTIFF(S)<br>-AGAINST<br><br>UNLOCK PARTNERSHIP SOLUTIONS AOI, INC.; AND CLEAR EDGE TITLE, INC.<br><br>                           DEFENDANT(S) | |

**CLEAR EDGE TITLE, INC.'S ANSWER TO ADVERSARY PROCEEDING COMPLAINT WITH AFFIRMATIVE DEFENSES**

Defendant Clear Edge Title, Inc. ("Clear Edge"), by and through its undersigned counsel, hereby answers the Adversary

Proceeding Complaint of Plaintiff, Miya B. Bush a.k.a Miya Goodman, as follows:

**PRELIMINARY STATEMENT**

The allegations set forth in the paragraphs contained in Plaintiff's "Preliminary Statement" are not directed to Responding Defendant and therefore they are neither admitted nor denied. Moreover, Responding Defendant does not have sufficient knowledge to either admit or deny any of the paragraphs contained in the "Preliminary Statement". Additionally, the paragraphs contained in the "Preliminary Statement" are legal conclusions to which no response is required. Finally, to the extent that the paragraphs reference documents, the terms of which speak for themselves, the allegations are denied. Responding Defendant therefore leaves Plaintiff to her proofs. By way of further response, Responding Defendant denies any and all wrongdoing alleged in the Adversary Proceeding Complaint and specifically denies all allegations against it pertaining to the financial transaction between Plaintiff and co-defendant Unlock Partnership Solutions AOI, Inc. The allegations asserted against Responding Defendant are factually incorrect and legally unsupported. Responding Defendant further denies that it owed Plaintiff any duty, statutory or otherwise, or that it engaged in any conduct giving rise to liability under federal or New Jersey law.

## PARTIES

1.    Responding Defendant does not have sufficient knowledge or information to either admit or deny the allegations in Paragraph 1 and therefore leaves Plaintiff to her proofs.

2.    Responding Defendant does not have sufficient knowledge or information to either admit or deny the allegations in Paragraph 2 and therefore leaves Plaintiff to her proofs.

3.    Admitted.

4.    Responding Defendant does not have sufficient knowledge or information to either admit or deny the allegations in Paragraph 4 and therefore leaves Plaintiff to her proofs.

## JURISDICTION AND VENUE

5.    Responding Defendant does not have sufficient knowledge or information to either admit or deny the allegations in Paragraph 5 and therefore leaves Plaintiff to her proofs.

6.    It is admitted only that a Chapter 13 bankruptcy case bearing case number 25-21830-MEH has been filed.  Responding Defendant does not have sufficient knowledge or information to either admit or deny the remaining allegations in Paragraph 6 and therefore leaves Plaintiff to her proofs.

7.  Denied.  By way of further response, this matter is a non-core matter, as all of Plaintiff's claims are State law claims and can therefore exist independently of the Bankruptcy proceeding.

8.  While Responding Defendant maintains that this is a non-core matter, Responding Defendant nevertheless consents to the entry of judgment on all matters herein by the bankruptcy judge.

**FACTS**

9.  Responding Defendant does not have sufficient knowledge or information to either admit or deny the allegations in Paragraph 9 and therefore leaves Plaintiff to her proofs.

10.  Responding Defendant does not have sufficient knowledge or information to either admit or deny the allegations in Paragraph 10 and therefore leaves Plaintiff to her proofs.

11.  Responding Defendant does not have sufficient knowledge or information to either admit or deny the allegations in Paragraph 11 and therefore leaves Plaintiff to her proofs.  Moreover, to the extent that the allegations reference a document, referred to as an agreement, the terms of which speak for themselves, the allegations are denied.

12.  Responding Defendant does not have sufficient knowledge or information to either admit or deny the allegations in Paragraph 12 and therefore leaves Plaintiff to her proofs.  Moreover, to the extent

that the allegations reference a document, referred to as an agreement, the terms of which speak for themselves, the allegations are denied.

13. Responding Defendant does not have sufficient knowledge or information to either admit or deny the allegations in Paragraph 13 and therefore leaves Plaintiff to her proofs. Moreover, to the extent that the allegations reference a document, referred to as an agreement, the terms of which speak for themselves, the allegations are denied.

14. Responding Defendant does not have sufficient knowledge or information to either admit or deny the allegations in Paragraph 14 and therefore leaves Plaintiff to her proofs. Moreover, to the extent that the allegations reference a document, referred to as an agreement, the terms of which speak for themselves, the allegations are denied.

15. Responding Defendant does not have sufficient knowledge or information to either admit or deny the allegations in Paragraph 15 and therefore leaves Plaintiff to her proofs. Moreover, to the extent that the allegations reference a document, referred to as an agreement, the terms of which speak for themselves, the allegations are denied.

16. Responding Defendant does not have sufficient knowledge or information to either admit or deny the allegations in Paragraph 16 and therefore leaves Plaintiff to her proofs. Moreover, to the extent that the allegations reference a document, referred to as an agreement, the terms of which speak for themselves, the allegations are denied.

17. Responding Defendant does not have sufficient knowledge or information to either admit or deny the allegations in Paragraph 17 and therefore leaves Plaintiff to her proofs. Moreover, to the extent that the allegations reference a document, referred to as an agreement, the terms of which speak for themselves, the allegations are denied.

18. Responding Defendant does not have sufficient knowledge or information to either admit or deny the allegations in Paragraph 18 and therefore leaves Plaintiff to her proofs. Moreover, to the extent that the allegations reference a document, referred to as an agreement, the terms of which speak for themselves, the allegations are denied.

19. Responding Defendant does not have sufficient knowledge or information to either admit or deny the allegations in Paragraph 19 and therefore leaves Plaintiff to her proofs. Moreover, to the extent that the allegations reference a document, referred to as an

agreement, the terms of which speak for themselves, the allegations are denied.

20.   Responding Defendant does not have sufficient knowledge or information to either admit or deny the allegations in Paragraph 20 and therefore leaves Plaintiff to her proofs.

21.   Responding Defendant does not have sufficient knowledge or information to either admit or deny the allegations in Paragraph 21 and therefore leaves Plaintiff to her proofs.

22.   Responding Defendant does not have sufficient knowledge or information to either admit or deny the allegations in Paragraph 22 and therefore leaves Plaintiff to her proofs.   Moreover, to the extent that the allegations reference a document, referred to as an agreement, the terms of which speak for themselves, the allegations are denied.

23.   Responding Defendant does not have sufficient knowledge or information to either admit or deny the allegations in Paragraph 23 and therefore leaves Plaintiff to her proofs.   Moreover, to the extent that the allegations reference a document, referred to as an agreement, the terms of which speak for themselves, the allegations are denied.

24.   Responding Defendant does not have sufficient knowledge or information to either admit or deny the allegations in Paragraph 18

and therefore leaves Plaintiff to her proofs.  Moreover, to the extent that the allegations reference a document, referred to as an agreement, the terms of which speak for themselves, the allegations are denied.

**FIRST CLAIM FOR RELIEF**
**Violation of The New Jersey Consumer Fraud Act**
**(N.J.S.A. 56:8-1 ET. SEQ)**

25. Responding Defendant repeats the responses to the allegations set forth in the previous paragraphs as if set forth in full.

26. This paragraph does not set forth a properly pleaded allegation and therefore Responding Defendant denies the statements set forth herein. By way of further response, this paragraph contains a legal conclusion to which no response is required.  Additionally, the allegations reference a document the terms of which speak for themselves and to the extent the document is mischaracterized the allegations are denied.

27. This paragraph does not set forth a properly pleaded allegation and therefore Responding Defendant denies the statements set forth herein. By way of further response, this paragraph contains a legal conclusion to which no response is required.  Additionally, the allegations reference a document the terms of which speak for themselves and to the extent the document is mischaracterized the allegations are denied.

28.   This paragraph does not set forth a properly pleaded allegation and therefore Responding Defendant denies the statements set forth herein. By way of further response, this paragraph contains a legal conclusion to which no response is required.  To the extent that a response is required, this paragraph is specifically denied. Additionally, the allegations reference a document the terms of which speak for themselves and to the extent the document is mischaracterized the allegations are denied.

29.   This paragraph is neither admitted nor denied, as same is a legal conclusion to which no response is required.  To the extent that a response is required, this paragraph is specifically denied. Additionally, the allegations reference a document the terms of which speak for themselves and to the extent the document is mischaracterized the allegations are denied.

30.   This paragraph is neither admitted nor denied, as same is a legal conclusion to which no response is required.  To the extent that a response is required, this paragraph is specifically denied. Additionally, the allegations reference a document the terms of which speak for themselves and to the extent the document is mischaracterized the allegations are denied.

31.   This paragraph is neither admitted nor denied, as same is a legal conclusion to which no response is required.  To the extent that a response is required, this paragraph is specifically denied.

9

Additionally, the allegations reference a document the terms of which speak for themselves and to the extent the document is mischaracterized the allegations are denied.

32. This paragraph is neither admitted nor denied, as same is a legal conclusion to which no response is required. To the extent that a response is required, this paragraph is specifically denied. Additionally, the allegations reference a document the terms of which speak for themselves and to the extent the document is mischaracterized the allegations are denied.

33. This paragraph is neither admitted nor denied, as same is a legal conclusion to which no response is required. To the extent that a response is required, this paragraph is specifically denied. Additionally, the allegations reference a document the terms of which speak for themselves and to the extent the document is mischaracterized the allegations are denied.

34. This paragraph is neither admitted nor denied, as same is a legal conclusion to which no response is required.

35. This paragraph is neither admitted nor denied, as same is a legal conclusion to which no response is required. To the extent that a response is required, this paragraph is specifically denied. Additionally, the allegations reference a document the terms of which

10

speak for themselves and to the extent the document is mischaracterized the allegations are denied.

36. This paragraph is neither admitted nor denied, as same is a legal conclusion to which no response is required. To the extent that a response is required, this paragraph is specifically denied. Additionally, the allegations reference a document the terms of which speak for themselves and to the extent the document is mischaracterized the allegations are denied.

37. This paragraph is neither admitted nor denied, as same is a legal conclusion to which no response is required. To the extent that a response is required, this paragraph is specifically denied. Additionally, the allegations reference a document the terms of which speak for themselves and to the extent the document is mischaracterized the allegations are denied.

38. This paragraph is neither admitted nor denied, as same is a legal conclusion to which no response is required. To the extent that a response is required, this paragraph is specifically denied. Additionally, the allegations reference a document the terms of which speak for themselves and to the extent the document is mischaracterized the allegations are denied.

**WHEREFORE**, Responding Defendant, Clear Edge Title Inc., demands judgment:

11

a)   Dismissing the Complaint with prejudice;

b)   For court costs; and

c)   Such other relief as the Court deems appropriate.

**SECOND CLAIM FOR RELIEF**
**New Jersey Home Ownership Security Act of 2002**
**(N.J.S.A. 46:10B-22 et seq.)**

39. Responding Defendant repeats the responses to the allegations set forth in the previous paragraphs as if set forth in full.

40. The allegations contained in this paragraph constitute legal conclusions to which no response is required.  Moreover, to the extent that the allegations, or some of them, are not directed at the Responding Defendant, they are neither admitted nor denied. Furthermore, the allegations reference a document, the terms which speak for themselves and to the extent the document is mischaracterized the allegations are denied. Finally, the allegations set forth in this paragraph are denied to the extent they are intended to suggest or imply that Responding Defendant extended credit, originated a loan, charged any fees, or engaged in any conduct regulated by the New Jersey Home Ownership Security Act.

41. The allegations contained in this paragraph constitute legal conclusions to which no response is required.  Moreover, to the extent that the allegations, or some of them, are not directed at the

Responding Defendant, they are neither admitted nor denied. Furthermore, the allegations reference a document, the terms which speak for themselves and to the extent the document is mischaracterized the allegations are denied. Finally, the allegations set forth in this paragraph are denied to the extent they are intended to suggest or imply that Responding Defendant extended credit, originated a loan, charged any fees, or engaged in any conduct regulated by the New Jersey Home Ownership Security Act.

42. The allegations contained in this paragraph constitute legal conclusions to which no response is required. Moreover, to the extent that the allegations, or some of them, are not directed at the Responding Defendant, they are neither admitted nor denied. Furthermore, the allegations refer to a document the terms of which speak for themselves and to the extent the document is mischaracterized the allegations are denied. Finally, the allegations set forth in this paragraph are denied to the extent they are intended to suggest or imply that Responding Defendant extended credit, originated a loan, charged any fees, or engaged in any conduct regulated by the New Jersey Home Ownership Security Act.

43. Responding Defendant does not have sufficient knowledge to either admit or deny the allegations in this paragraph and therefore leaves Plaintiff to her proofs.

13

44.   The allegations contained in this paragraph constitute legal conclusions to which no response is required.  Moreover, to the extent that the allegations, or some of them, are not directed at the Responding Defendant, they are neither admitted nor denied. Furthermore, the allegations reference a document, the terms which speak for themselves and to the extent the document is mischaracterized the allegations are denied. Finally, the allegations set forth in this paragraph are denied to the extent they are intended to suggest or imply that Responding Defendant extended credit, originated a loan, charged any fees, or engaged in any conduct regulated by the New Jersey Home Ownership Security Act.

45.   The allegations contained in this paragraph constitute legal conclusions to which no response is required.  Moreover, to the extent that the allegations, or some of them, are not directed at the Responding Defendant, they are neither admitted nor denied. Furthermore, the allegations refer to a document the terms which speak for themselves and to the extent the document is mischaracterized the allegations are denied. Finally, the allegations set forth in this paragraph are denied to the extent they are intended to suggest or imply that Responding Defendant extended credit, originated a loan, charged any fees, or engaged in any conduct regulated by the New Jersey Home Ownership Security Act.

14

46.   The allegations contained in this paragraph constitute legal conclusions to which no response is required.  Moreover, to the extent that the allegations, or some of them, are not directed at the Responding Defendant, they are neither admitted nor denied. Furthermore, the allegations reference a document, the terms which speak for themselves and to the extent the document is mischaracterized the allegations are denied. Finally, the allegations set forth in this paragraph are denied to the extent they are intended to suggest or imply that Responding Defendant extended credit, originated a loan, charged any fees, or engaged in any conduct regulated by the New Jersey Home Ownership Security Act.

**WHEREFORE**, Responding Defendant, Clear Edge Title Inc., demands judgment:

a)   Dismissing the Complaint with prejudice;

b)   For court costs; and

c)   Such other relief as the Court deems appropriate.

### Declaratory Judgment Voiding the Agreement

47.   Responding Defendant repeats the responses to the allegations set forth in the previous paragraphs as if set forth in full.

48.   The allegations contained in this paragraph constitute legal conclusions to which no response is required.  To the extent

that a response is required, the allegations reference a document to the terms of which speak for themselves and to the extent the document is mischaracterized the allegations are denied.

49.   The allegations contained in this paragraph constitute legal conclusions to which no response is required.   To the extent that a response is required, the allegations reference a document to the terms of which speak for themselves and to the extent the document is mischaracterized the allegations are denied. Moreover, the allegations set forth in this paragraph are denied to the extent they suggest or imply that Responding Defendant holds any liens, mortgages, security interest, or claim against Plaintiff's property.

50.   The allegations contained in this paragraph constitute legal conclusions to which no response is required.   Moreover, to the extent that the allegations, or some of them, are not directed at the Responding Defendant, they are neither admitted nor denied. Furthermore, to the extent that a response is required, the allegations reference documents, the terms of which speak for themselves, and to the extent the documents are mischaracterized the allegations are denied. Finally, the allegations set forth in this paragraph are denied to the extent they suggest or imply that Responding Defendant holds any liens, mortgages, security interest, or claim against Plaintiff's property.

16

51. The allegations contained in this paragraph constitute legal conclusions to which no response is required. To the extent that a response is required, the allegations reference a document to the terms of which speak for themselves and to the extent the document is mischaracterized the allegations are denied. Finally, the allegations set forth in this paragraph are denied to the extent they suggest or imply that Responding Defendant holds any liens, mortgages, security interest, or claim against Plaintiff's property.

52. The allegations contained in this paragraph constitute legal conclusions to which no response is required. To the extent that a response is required, the allegations reference a document to the terms of which speak for themselves and to the extent the document is mischaracterized the allegations are denied. Finally, the allegations set forth in this paragraph are denied to the extent they suggest or imply that Responding Defendant holds any liens, mortgages, security interest, or claim against Plaintiff's property.

53. The allegations contained in this paragraph constitute legal conclusions to which no response is required. To the extent that a response is required, the allegations reference a document to the terms of which speak for themselves and to the extent the document is mischaracterized the allegations are denied. Finally, the allegations set forth in this paragraph are denied to the extent they

17

suggest or imply that Responding Defendant holds any liens, mortgages, security interest, or claim against Plaintiff's property.

54.  The allegations contained in this paragraph constitute legal conclusions to which no response is required.  To the extent that a response is required, the allegations reference a document to the terms of which speak for themselves and to the extent the document is mischaracterized the allegations are denied.  Finally, the allegations set forth in this paragraph are denied to the extent they suggest or imply that Responding Defendant holds any liens, mortgages, security interest, or claim against Plaintiff's property.

**WHEREFORE**, Responding Defendant, Clear Edge Title Inc., demands judgment:

    a)   Dismissing the Complaint with prejudice;

    b)   For court costs; and

    c)   Such other relief as the Court deems appropriate.

### FOURTH CLAIM FOR RELIEF
#### Quiet Title

55.  Responding Defendant repeats the responses to the allegations set forth in the previous paragraphs as if set forth in full.

56.  The allegations contained in this paragraph constitute legal conclusions to which no response is required.  To the extent

that a response is required, the allegations reference a document to the terms of which speak for themselves and to the extent the document is mischaracterized the allegations are denied.  Moreover, the allegations set forth in this paragraph are denied to the extent they suggest or imply that Responding Defendant claims any interest in Plaintiff's property or that any cloud on title is attributable to it.

**WHEREFORE**, Responding Defendant, Clear Edge Title Inc., demands judgment:

a)   Dismissing the Complaint with prejudice;

b)   For court costs; and

c)   Such other relief as the Court deems appropriate.

### FIFTH CLAIM FOR RELIEF
### Violation of The New Jersey Truth in Consumer Contract, Warranty, and Notice Act

57.  Responding Defendant repeats the responses to the allegations set forth in the previous paragraphs as if set forth in full.

58.  The allegations contained in this paragraph constitute legal conclusions to which no response is required.  To the extent that a response is required, the allegations reference a document to the terms of which speak for themselves and to the extent the document is mischaracterized the allegations are denied.  Moreover, the allegations set forth in this paragraph are denied to the extent that

they suggest or imply that Responding Defendant offered any consumer contract to Plaintiff or violated the Truth in Consumer Contract, Warranty, and Notice Act.

59. The allegations contained in this paragraph constitute legal conclusions to which no response is required. Moreover, to the extent that the allegations, or some of them, are not directed at the Responding Defendant, they are neither admitted nor denied. Furthermore, to the extent that a response is required, the allegations reference documents, the terms of which speak for themselves, and to the extent the documents are mischaracterized the allegations are denied. Finally, the allegations set forth in this paragraph are denied to the extent that they suggest or imply that Responding Defendant offered any consumer contract to Plaintiff or violated the Truth in Consumer Contract, Warranty, and Notice Act.

**WHEREFORE**, Responding Defendant, Clear Edge Title Inc., demands judgment:

> a)  Dismissing the Complaint with prejudice;
>
> b)  For court costs; and
>
> c)  Such other relief as the Court deems appropriate.

**SIXTH CLAIM FOR RELIEF**
**Violation of the New Jersey Plain Language Act**

60.   Responding Defendant repeats the responses to the allegations set forth in the previous paragraphs as if set forth in full.

61.   The allegations contained in this paragraph constitute legal conclusions to which no response is required.   To the extent that a response is required, the allegations reference a document to the terms of which speak for themselves and to the extent the document is mischaracterized the allegations are denied.   Moreover, the allegations set forth in this paragraph are denied to the extent they suggest or imply that Responding Defendant drafted, provided, or entered into any consumer contract with Plaintiff.

62.   The allegations contained in this paragraph constitute legal conclusions to which no response is required.   To the extent that a response is required, the allegations reference a document to the terms of which speak for themselves and to the extent the document is mischaracterized the allegations are denied. Moreover, the allegations set forth in this paragraph are denied to the extent they suggest or imply that Responding Defendant drafted, provided, or entered into any consumer contract with Plaintiff.

63.   The allegations contained in this paragraph, as well as subparagraphs (1) through (5), constitute legal conclusions to which

no response is required.  To the extent that a response is required, the allegations reference a document to the terms of which speak for themselves and to the extent the document is mischaracterized the allegations are denied. Moreover, the allegations set forth in this paragraph are denied to the extent they suggest or imply that Responding Defendant drafted, provided, or entered into any consumer contract with Plaintiff.

64.   The allegations contained in this paragraph constitute legal conclusions to which no response is required.  Moreover, to the extent that the allegations, or some of them, are not directed at the Responding Defendant, they are neither admitted nor denied. To the extent that a response is required, the allegations reference a document to the terms of which speak for themselves and to the extent the document is mischaracterized the allegations are denied. Finally, the allegations set forth in this paragraph are denied to the extent they suggest or imply that Responding Defendant drafted, provided, or entered into any consumer contract with Plaintiff.

**WHEREFORE**, Responding Defendant, Clear Edge Title Inc., demands judgment:

      a)   Dismissing the Complaint with prejudice;

      b)   For court costs; and

      c)   Such other relief as the Court deems appropriate.

## SEVENTH CLAIM FOR RELIEF
### Violation of the New Jersey Consumer Finance Licensing Act, N.J.S.A. 17:11C-1 et. seq.

65. Responding Defendant repeats the responses to the allegations set forth in the previous paragraphs as if set forth in full.

66. The allegations contained in this paragraph constitute legal conclusions to which no response is required. Moreover, the allegations are not directed to Responding Defendant, who is not a lender, sales finance company or mortgage entity. To the extent that a response is required, the allegations reference a document (a statute), the terms of which speak for themselves, and to the extent the document is mischaracterized the allegations are denied.

67. The allegations contained in this paragraph constitute legal conclusions to which no response is required. Moreover, the allegations are not directed to Responding Defendant, who is not a lender, sales finance company or mortgage entity. To the extent that a response is required, the allegations reference a document (a statute), the terms of which speak for themselves, and to the extent the document is mischaracterized the allegations are denied.

68. The allegations contained in this paragraph constitute legal conclusions to which no response is required. Moreover, the allegations are not directed to Responding Defendant, who is not a lender, sales finance company or mortgage entity. To the extent that

a response is required, the allegations reference a document (a statute), the terms of which speak for themselves, and to the extent the document is mischaracterized the allegations are denied.

69. The allegations contained in this paragraph constitute legal conclusions to which no response is required. Moreover, the allegations are not directed to Responding Defendant, who is not a lender, sales finance company or mortgage entity. To the extent that a response is required, the allegations reference a document (a statute), the terms of which speak for themselves, and to the extent the document is mischaracterized the allegations are denied.

70. The allegations contained in this paragraph constitute legal conclusions to which no response is required. Moreover, the allegations are not directed to Responding Defendant, who is not a lender, sales finance company or mortgage entity. To the extent that a response is required, the allegations reference a document (a statute), the terms of which speak for themselves, and to the extent the document is mischaracterized the allegations are denied.

**WHEREFORE**, Responding Defendant, Clear Edge Title Inc., demands judgment:

a)   Dismissing the Complaint with prejudice;

b)   For court costs; and

c)   Such other relief as the Court deems appropriate.

24

## AFFIRMATIVE DEFENSES

Without assuming any burden of proof that would not otherwise bear, Responding Defendant, Clear Edge Title, Inc., asserts the following affirmative defenses:

1.    The Complaint fails to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6)).

2.    The Court lacks jurisdiction over the person of the defendant pursuant to Federal Rule of Civil Procedure 12(b)(2).

3.    The claims set forth in the Complaint are barred by the applicable Statute of Limitations or Repose.

4.    The Court lacks jurisdiction over the subject matter pursuant to Federal Rule of Civil Procedure 12(b)(2).

5.    There has been an insufficiency of service of process.

6.    The Complaint is barred by the principles of res judicata, collateral estoppel and/or the Entire Controversy Doctrine.

7.    Any and all injuries and damages sustained by plaintiff were the result of the acts or omissions of third parties over whom this defendant had no control.

8.    Recovery on the claim set forth in the Complaint is diminished or barred by the failure of the Plaintiff to mitigate damages.

9.    Recovery on the claims set forth in the Complaint is diminished or barred by the negligence of the Plaintiff pursuant to the Comparative Negligence Act.

10.   The incident complained of was the result of conditions and circumstances over which Responding Defendant had no control.

11.   The conduct complained of was in good faith, privileged and with reasonable cause and justification.

12.   Recovery is barred by Plaintiff's unreasonable and voluntary exposure to a known risk.

13.   Plaintiff's Complaint is barred because of the inapplicability of joint and several liability.

14.   Defendant hereby claims the benefit of each and every separate defense alleged by any and all defendants and third-party defendants named now or in the future.

15.   Plaintiff's complaint is barred or diminished by the Doctrines of Set Off and Recoupment.

26

## CROSSCLAIM FOR CONTRIBUTION & INDEMNIFICATION PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 7013 AND FEDERAL RULES OF CIVIL PROCEDURE 13

Defendant, Clear Edge Title Inc., hereby demands contribution and indemnification statutory, contractual or common law from Defendant, Unlock Partnership Solutions AOI Inc. and any and all other co-defendants and/or third-party defendants hereafter named by any party.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Responding Defendant hereby demands trial by jury of any issue triable of right by a jury.

Respectfully submitted,

**McNALLY & BELLINO, LLC**

**Counsel for Responding Defendant, Clear Edge Title Inc.**

Date: June 19, 2026          By: _/s/ Paige M. Bellino_
                                Paige M. Bellino, Esquire

27