**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**

**FRENKEL LAMBERT**
**WEISMAN & GORDON, LLP**
James A. French, Esq. (Atty Id No.: JAF9442)
80 Main Street, Suite 460
West Orange, New Jersey 07052
Phone: (973) 325-6282
Email: JFrench@flwlaw.com
File No.: 03-023060-B01
*Attorney for Defendant-Secured Creditor,*
*Unlock Partnership Solutions AO1, Inc.*

| | |
|---|---|
| IN RE:<br><br>MIYA B. BUSH, a/k/a MIYA GOODMAN,<br><br>Debtor. | Chapter 13<br><br>Case No.: 25-21830-EJO |
| MIYA B. BUSH, a/k/a MIYA GOODMAN,<br><br>Plaintiff,<br><br>v.<br><br>UNLOCK PARTNERSHIP SOLUTIONS AOI, INC., and CLEAR EDGE TITLE, INC.,<br><br>Defendants. | Adv. Pro. No.: 26-1183-EJO<br><br>*Civil Action*<br><br>Hearing: September 17, 2026, 10:00 a.m. |

**SECURED CREDITOR'S MEMORANDUM OF LAW IN OPPOSITION TO DEBTOR'S MOTION FOR RELEASE FROM MANDATORY MEDIATION**

## RELEVANT FACTS AND PROCEDURAL HISTORY

This is a straightforward adversary proceeding brought by Plaintiff-Debtor, Miya B. Bush, a/k/a Miya Goodman ("Debtor" or "Plaintiff"), to determine the validity, priority, or extent of a lien held by Unlock pursuant to F.R.B.P. 7001. See generally, Cert. of Counsel. Specifically, Unlock holds a Performance Mortgage Debtor executed to it on October 26, 2023, which was recorded in the Office of the Clerk of Mercer County on November 3, 2023, in Book 11841, Page 951. Debtor filed a Chapter 13 Bankruptcy Petition herein on November 5, 2025. On April 17, 2026, Debtor initiated this adversary proceeding and filed an amended pleading on April 21, 2026. Debtor's complaint seeks to limit, discharge, cancel, and/or otherwise invalidate Unlock's lien.

On or about August 10, 2026, the court entered a pretrial scheduling order and an order directing the parties to participate in mediation. In response, Debtor filed the instant motion asking the court to release this matter from mediation, on or about August 13, 2026. Debtor effectively argues that since she cannot afford to split the mediator costs, the court should cancel any mandatory mediation proceedings herein. As provided below, however, Debtor fails to set forth a cognizable basis to cancel mediation and so, the court should deny the motion.

## LEGAL ARGUMENT

### I. SINCE DEBTOR PROVIDES NO BASIS TO CANCEL MEDIATION HEREIN, THE COURT MUST DENY THE MOTION

This is an adversary proceeding wherein Debtor seeks to cancel, discharge, limit, or otherwise dispose of a mortgage lien she gave to Unlock against the real property located at 10 Ronit Drive, Ewing, New Jersey 08628. On August 10, 2026, the court issued an order pursuant to D.N.J. LBR 9019, referring this file to mediation in the normal course. Debtor now asks the court to vacate that order, excuse her from participating, and cancel mediation since she alleges she cannot afford to split the costs. Since this is not a basis to cancel mediation, the court should

deny the motion.

This court's local rules govern mediation in adversary proceedings and provide that: "[e]very adversary proceeding will be referred to mediation after the filing of the initial answer […]." D.N.J. LBR 9019-2(a)(1). The rule provides exceptions when: (a) a party is self-represented; (b) injunctive relief is sought; (c) the United States Trustee initiated the action; or (d) the action was filed against the United States Department of Education. D.N.J. LBR 9019-2(a)(2). The rules generally require that the parties "must share equally in the fees and expenses of the mediation, unless otherwise agreed or ordered by the court." D.N.J. LBR 9019-1(g).

The rules also provide that a "party subject to presumptive mediation may file a motion requesting to be excused from mediation participation, or requesting a determination that the mediation should not proceed." D.N.J. LBR 9019-2(a)(3). The parties must participate "unless excused by the mediator or the court on a showing of good cause or hardship, or if the mediator or the court determines that it is consistent with the goals of the mediation to excuse a particular person from attending […]." D.N.J. LBR 9019-2(i).

Here, Debtor asks the court to outright cancel mediation since she cannot afford to share in the mediator costs. This argument, however, is insufficient. Per D.N.J. LBR 9019-2(a)(1)., mediation is mandatory in adversary proceedings before the court because it is essential to sustain judicial economy in a bankruptcy proceeding. For good reasons, a debtor's ability to afford their share of the cost of mediation in an adversary proceeding in bankruptcy is not an enumerated exception under D.N.J. LBR 9019-2(a)(2). If such were the case, the purpose and intent of D.N.J. LBR 9019-2(a)(1) would be entirely obviated in an adversary proceeding.

The court here should compel the parties to attempt resolution through alternative means because mediation of the alleged claims is appropriate at this time. Since mediation is essential at

this stage, Unlock will pay for the costs of the mediator, which moots out Debtor's sole objection to mediation. Indeed, the rules contemplate the parties' potential need to split costs differently as necessary. See, D.N.J. LBR 9019-1(g) (providing that the parties will share costs equally "unless otherwise agreed or ordered"). The court should deny the motion on this basis alone.

Moreover, and unless mediation commences within the next two weeks, Unlock plans to move to compel Debtor to arbitrate her claims as required by the mandatory arbitration provision in Debtor's agreement with Unlock. Since the most efficient resolution avenue at this time is to explore whether the parties can reach a resolution in mediation before submitting to arbitration, the court should deny Debtor's motion and leave the mediation schedule in place. Simply put, Debtor fails to provide a basis to cancel mediation since she cannot invoke any of the rule's exceptions, and she cannot establish good cause. Since Unlock will shoulder any mediation costs herein, Debtor's sole argument for cancelling mediation fails.

## CONCLUSION

For the foregoing reasons, the court should deny Debtor's motion to release this action from mandatory mediation in its entirety with prejudice.

**RENKEL, LAMBERT,**
**WEISMAN, & GORDON, LLP**

*/s/ James French*
James A. French, Esq.

Dated: September 10, 2026

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**

**FRENKEL LAMBERT**
**WEISMAN & GORDON, LLP**
James A. French, Esq. (Atty Id No.: JAF9442)
80 Main Street, Suite 460
West Orange, New Jersey 07052
Phone: (973) 325-6282
Email: JFrench@flwlaw.com
File No.: 03-023060-B01
*Attorney for Secured Creditor-Defendant,*
*Unlock Partnership Solutions AO1, Inc.*

| | |
|---|---|
| IN RE:<br><br>MIYA B. BUSH, a/k/a MIYA GOODMAN,<br><br>Debtor. | Chapter 13<br><br>Case No.: 25-21830-EJO |
| MIYA B. BUSH, a/k/a MIYA GOODMAN,<br><br>Plaintiff,<br><br>v.<br><br>UNLOCK PARTNERSHIP SOLUTIONS AOI, INC., and CLEAR EDGE TITLE, INC.,<br><br>Defendants. | Adv. Pro. No.: 26-1183-EJO<br><br>*Civil Action*<br><br>Hearing: September 17, 2026, 10:00 a.m.<br><br>**CERTIFICATION OF COUNSEL** |

I, James French, Esq., hereby certify as follows:

1. I am an attorney licensed to practice law in the State of New Jersey and an associate with Frenkel, Lambert, Weisman, and Gordon, LLP, attorneys for Defendant/Secured Creditor, Unlock Partnership Solutions AO1, Inc. ("Unlock" or "Defendant") in the above-captioned action. As such, I have personal knowledge of the facts set forth herein.

2. I make this certification in opposition to the Motion for Release from Mandatory Mediation filed by Plaintiff-Debtor, Miya B. Bush, a/k/a Miya Goodman ("Debtor" or "Plaintiff").

3. Debtor filed her Chapter 13 Bankruptcy Petition in the United States Bankruptcy Court for the District of New Jersey on or about November 5, 2025.

4. Debtor initiated the instant adversary proceeding on or about April 17, 2026, against Unlock and others, and filed an amended pleading on April 21, 2026.

5. The adversary complaint seeks to determine the validity, priority, or extent of a lien held by Unlock against Debtor's real property, pursuant to F.R.B.P. 7001.

6. Debtor seeks to limit, discharge, cancel, and/or otherwise invalidate Unlock's lien, which lien was recorded in the Office of the Clerk of Mercer County on November 3, 2023, in Book 11841, Page 951.

7. The court issued its Pretrial Scheduling Order and Order for Mediation, on August 10, 2026, directing that the parties participate in mediation, and appointing Morris Bauer, Esq., to serve as mediator.

8. On or about August 13, 2026, Debtor filed the instant motion requesting to release this matter from court ordered mediation.

I hereby certify that the foregoing statements made by me are true and correct to the best of my knowledge, information, and belief. I am aware that if any of the foregoing statements made by me are intentionally false, I am subject to punishment

**FRENKEL, LAMBERT,
WEISMAN, & GORDON, LLP**

*/s/ James French* .
James A. French, Esq.

Dated: September 10, 2026

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**

**FRENKEL LAMBERT**
**WEISMAN & GORDON, LLP**
James A. French, Esq. (Atty Id No.: JAF9442)
80 Main Street, Suite 460
West Orange, New Jersey 07052
Phone: (973) 325-6282
Email: JFrench@flwlaw.com
*Attorney for Secured Creditor-Defendant,*
*Unlock Partnership Solutions AO1, Inc.*

| | |
|---|---|
| IN RE:<br><br>MIYA B. BUSH, a/k/a MIYA GOODMAN,<br><br>Debtor. | Chapter 13<br><br>Case No.: 25-21830-EJO |
| MIYA B. BUSH, a/k/a MIYA GOODMAN,<br><br>Plaintiff,<br><br>v.<br><br>UNLOCK PARTNERSHIP SOLUTIONS AOI, INC., and CLEAR EDGE TITLE, INC.,<br><br>Defendants. | Adv. Pro. No.: 26-1183-EJO<br><br>*Civil Action*<br><br>Hearing: September 17, 2026, 10:00 a.m. |

**ORDER DENYING DEBTOR'S MOTION FOR RELEASE FROM MEDIATION**

The relief set forth on the following pages, number two (2) through two (2) shall be and hereby is **ORDERED**.

**THIS MATTER** having been opened to the Court by Plaintiff-Debtor, Miya B. Bush, a/k/a Miya Goodman ("Debtor" or "Plaintiff"), on a Motion for Release from Mandatory Mediation; and on notice to Defendant/Secured Creditor, Unlock Partnership Solutions AO1, Inc. ("Unlock" or "Defendant"); and the Court having reviewed the moving and responding papers and the arguments of the parties; and for good cause shown:

**IT IS** on this ___day of __________________________, 2026:

**ORDERED** that Debtor's Motion for Release from Mandatory Mediation shall be and hereby is **DENIED** in its entirety with prejudice; and it is

**FURTHER ORDERED** that the Mediation in this action shall proceed in the normal course and pursuant to this Court's prior August 10, 2026 Order.

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**

**FRENKEL LAMBERT**
**WEISMAN & GORDON, LLP**
James A. French, Esq. (Atty Id No.: JAF9442)
80 Main Street, Suite 460
West Orange, New Jersey 07052
Phone: (973) 325-6282
Email: JFrench@flwlaw.com
File No.: 03-023060-B01
*Attorney for Secured Creditor-Defendant,*
*Unlock Partnership Solutions AO1, Inc.*

| | |
|---|---|
| IN RE:<br><br>MIYA B. BUSH, a/k/a MIYA GOODMAN,<br><br>Debtor. | Chapter 13<br><br>Case No.: 25-21830-EJO |
| MIYA B. BUSH, a/k/a MIYA GOODMAN,<br><br>Plaintiff,<br><br>v.<br><br>UNLOCK PARTNERSHIP SOLUTIONS AOI, INC., and CLEAR EDGE TITLE, INC.,<br><br>Defendants. | Adv. Pro. No.: 26-1183-EJO<br><br>*Civil Action*<br><br>Hearing: September 17, 2026, 10:00 a.m.<br><br>**CERTIFICATION OF SERVICE** |

I, James A. French, Esq., hereby certify as follows:

1. This office represents Defendant/Secured Creditor, Unlock Partnership Solutions AO1, Inc. (“Unlock” or “Defendant”) in the above-captioned action. On September 10, 2026, this office sent a copy of the following pleadings to the parties listed below.

(a) Unlock’s Brief Opposition to Debtor’s Motion for Release from Mediation;
(b) Certification of counsel;
(c) Proposed form of order; and
(d) this certification of service.

| Name and Address of Party Served | Relationship of Party to the Case | Mode of Service |
|---|---|---|
| Albert Russo, Esq.<br>Standing Chapter 13 Trustee<br>CN 4853<br>Trenton, New Jersey 08650 | Trustee | ❑ Hand-delivered<br>❑ Regular mail<br>❑ Certified mail/RR<br>❑ E-mail<br>☒ Notice of Electronic Filing (NEF)<br>❑ Other ____________ |
| Edward Hanratty, Esq.<br>Law Offices of Edward Hanratty<br>57 West Main Street, Suite 2D<br>Freehold, New Jersey 07728 | Debtor's Counsel | ❑ Hand-delivered<br>❑ Regular mail<br>❑ Certified mail/RR<br>❑ E-mail<br>☒ Notice of Electronic Filing (NEF)<br>❑ Other ____________ |
| John Zimnis, Esq.<br>Law Offices of Peter E. Zimnis<br>1245 Whitehorse-Mercerville Road, Suite 412<br>Trenton, New Jersey 08619 | Debtor's Counsel | ❑ Hand-delivered<br>❑ Regular mail<br>❑ Certified mail/RR<br>❑ E-mail<br>☒ Notice of Electronic Filing (NEF)<br>❑ Other ____________ |
| McNally & Bellino, LLC<br>1814 East Route 70, Suite 350<br>Cherry Hill, New Jersey 08003 | Attorney for Defendant,<br>Clear Edge Title Inc. | ❑ Hand-delivered<br>❑ Regular mail<br>❑ Certified mail/RR<br>❑ E-mail<br>☒ Notice of Electronic Filing (NEF)<br>❑ Other ____________ |
| Morris Bauer<br>1037 Raymond Blvd., Suite 1800<br>Newark, New Jersey 07102 | Assigned Mediator | ☒ Notice of Electronic Filing (NEF)<br>❑ Other ____________ |

I hereby certify that the foregoing statements made by me are true and correct to the best of my knowledge, information, and belief. I am aware that if any of the foregoing statements made by me are intentionally false, I am subject to punishment.

**FRENKEL, LAMBERT,**
**WEISMAN, & GORDON, LLP**

*/s/ James French*
James A. French, Esq.

Dated: September 10, 2026